### Frank Steward, Appellant, v. A. M. Kitchell, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Bill by Frank Steward against A. M. Kitchell for the purpose of setting aside a release, executed by plaintiff, releasing and forever discharging defendant from any and all causes of action, claims and demands which plaintiff then had or might thereafter have for injuries to himself and property caused by an automobile driven by defendant. From a decree for the defendant upon the original bill and cross-bill, plaintiff appeals.

The bill averred that the release was procured by fraudulent misrepresentations on the part of appellee, that appellant did not know its contents when he signed it, and that it would bar an action at law brought to recover said damages unless the same was annulled and canceled. Appellee answered the bill and filed a cross-bill averring that appellant had brought an action at law against appellee for damages on account of said injuries, and praying that appellant be perpetually enjoined from prosecuting said action at law.

D. D. DONAHUE and MURRAY & MORRISSEY, for appellant.

LIVINGSTON & BACH, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Cook v. Chicago, B. & Q. Ry. Co., 193 Ill. App. 527.

## Abstract of the Decision.

EQUITY, § 336*—*when complainant cannot dismiss.* Under the Chancery Act, sec. 36 (J. & A. § 916), providing that a complainant may not dismiss his bill after a cross-bill has been filed without the consent of the defendant, it is not error to overrule a motion by complainant to dismiss the original bill where the cross-bill is germane to it.